IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GROVER D. JAMES,

                Petitioner,

      v.                                                                            CASE NO. 24-3176-JWL

DON LANGFORD,

                Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Grover D. James. It comes before the Court on Petitioner's motion for stay (Doc. 2) and his motion for leave to proceed in forma pauperis (Doc. 4). The motion for leave to proceed in forma pauperis (Doc. 4) will be granted. The Court will defer ruling on the motion for stay (Doc. 2) and grant Petitioner time to provide additional information in support of his motion, as explained below.

      In November 2016, a jury in Sedgwick County, Kansas convicted Petitioner of first-degree murder and criminal possession of a firearm. (Doc. 1, p. 1-2); *State v. James*, 309 Kan. 1280, 1297 (2019) (*James I*). The following year, he was sentenced to a controlling sentence of life in prison without the possibility of parole for 50 years. 309 Kan. at 1297. Petitioner pursued a direct appeal and, on June 28, 2019, the Kansas Supreme Court (KSC) affirmed his convictions. *Id.* at 1281.

      On November 12, 2019, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. (Doc. 1, p. 3); *State v. James*, ___ Kan. ___, 553 P.3d 308, 313 (Kan. S. Ct. Aug. 4, 2024) (*James II*). Petitioner amended and supplemented his claims in that action, but ultimately the state district court denied relief. 553 P.3d at 313. While his 60-1507 case was proceeding,

1

Petitioner also filed multiple motions in his criminal case seeking a new trial based on newly discovered evidence. *Id.* Those motions were denied by the state district court. Petitioner appealed both the denial of his K.S.A. 60-1507 motion and the denials of the motions filed in his criminal case, and the KSC consolidated the two appeals. *Id.* On August 2, 2024, the KSC issued a lengthy opinion and ultimately affirmed the denials of relief. *Id.* at 320.

Petitioner filed his petition for federal habeas relief under 28 U.S.C. § 2254 on October 7, 2024. (Doc. 1.) As Ground One, Petitioner asserts that trial counsel Bradley Sylvester violated his constitutional right to a speedy trial by obtaining a continuance of the trial at a hearing at which Petitioner was not present. *Id.* at 5. Liberally construing the petition, Petitioner may also be alleging in Ground One that granting the continuance outside of his presence violated his constitutional right to be present at all critical stages of trial. *Id.* As Ground Two, Petitioner asserts that Steven Mank, who was appointed trial counsel for Petitioner after Mr. Sylvester, violated his due process rights by failing to ensure that the trial court considered a pro se motion to dismiss Petitioner filed that alleged the violation of his constitutional right to a speedy trial. *Id.* at 6; *see also James I*, 309 Kan. at 1283-85 (setting out history of counsel appointed for Petitioner).

With the petition, Petitioner filed a motion to stay. (Doc. 2.) The motion is very brief and simply asks for a "stay to proceed in exhausting all remed[ies] in the District Courts." *Id.* Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The petition indicates that the arguments now in Ground One were raised to the KSC, but the arguments in Ground Two were not. (Doc. 1, p. 5, 7.)

Federal habeas petitions that contain exhausted claims *and* unexhausted claims for which state-court remedies are still available are known as mixed petitions. *See Grant v. Royal*, 886 F.3

2

874, 891-92 (10th Cir. 2018). A federal district court faced with a mixed petition has several options, including dismissing the entire petition without prejudice to permit exhaustion, staying the petition and holding it in abeyance while the petitioner exhausts state-court remedies, denying the petition on the merits, and allowing the petitioner to delete the unexhausted claims and proceed only on the exhausted claims. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). A federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Court makes no finding at this time on whether Petitioner's claims in Ground Two are exhausted. Even assuming that they are not, the motion to stay currently before the Court does not address the *Rhines* factors or otherwise explain why this Court should stay the petition and hold it in abeyance as opposed to, for example, dismissing this matter without prejudice so that Petitioner may exhaust state-court remedies. Petitioner will be granted time in which to supplement the motion with additional information and argument if he wishes to do so.

**IT IS THEREFORE ORDERED** that the motion to proceed in forma pauperis **(Doc. 4) is granted.** Petitioner is granted to and including November 25, 2024 in which to supplement, in writing, his motion for stay (Doc. 2). If Petitioner fails to timely supplement his motion for stay, the motion will be denied and the case will proceed.

**IT IS SO ORDERED.**

DATED:   This 21st day of October, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge