IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GROVER D. JAMES,

                Petitioner,

     v.                                              CASE NO. 24-3176-JWL

DON LANGFORD,

                Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Grover D. James. It comes before the Court on Petitioner's supplement to his motion for stay and his motion to remand. (Docs. 6 and 7). For the reasons explained below, the Court will direct Petitioner to file an amended petition that more clearly states his asserted grounds for relief. The Court also will deny the current motion to stay (Doc. 2) without prejudice.

### Background

The events that led to Petitioner's trial and convictions occurred during and after a May 2015 birthday party for Rance Kindred in Wichita, Kansas. *State v. James*, 309 Kan. 1280, 1281-83 (2019) (*James I*). In November 2016, a jury convicted Petitioner of first-degree murder and criminal possession of a firearm. *Id.* at 1297; (Doc. 1, p. 1-2). The District Court of Sedgwick County, Kansas sentenced Petitioner to a controlling sentence of life in prison without the possibility of parole for 50 years. 309 Kan. at 1297.

Petitioner pursued a direct appeal, in which he argued: (1) the trial judge erred by refusing to give jury instructions on reckless second-degree murder and reckless involuntary manslaughter;

1

(2) the trial judge erred by refusing to give a jury instruction on imperfect self-defense involuntary manslaughter; (3) the trial judge erred by failing to "affirmatively instruct the jury to consider premeditated first-degree murder and imperfect self-defense voluntary manslaughter simultaneously"; (4) the trial judge erred by admitting autopsy photos over defense objections; (5) the prosecutor committed reversible error during closing argument; (6) Petitioner's constitutional right to be present at every critical stage of his trial was violated when defense continuances were granted at hearings at which he was not present; and (7) cumulative error required reversal of his convictions. *Id.* at 1297-1312. Although the Kansas Supreme Court (KSC) found multiple errors occurred during Petitioner's trial, they held that the errors did not warrant reversal of his convictions, even after considering their cumulative effect. *Id.* at 1311-12. Thus, on June 28, 2019, the KSC affirmed Petitioner's convictions. *Id.* at 1312.

On November 12, 2019, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. (Doc. 1, p. 3); *State v. James*, ___ Kan. ___, 553 P.3d 308, 313 (Kan. S. Ct. Aug. 4, 2024) (*James II*). While his K.S.A. 60-1507 case was proceeding, Petitioner also filed multiple motions in his criminal case seeking a new trial based on newly discovered evidence. *Id.* All of the motions were denied by the state district court. Petitioner appealed both the denial of his K.S.A. 60-1507 motion and the denials of the motions filed in his criminal case, and the KSC consolidated the two appeals. *Id.*

On appeal, Petitioner argued: (1) the district court erred by the motions for new trial Petitioner filed based on the assertion that Kindred had recanted statements he made to police after the shooting[1] and (2) Petitioner received ineffective assistance of counsel during his trial and during his direct appeal. *Id.* at 313-19. On August 2, 2024, the KSC issued a lengthy opinion and

---

[1] During the trial, "Kindred's version of events were [*sic*] presented to the jury through a video taken the day after the shooting and through live testimony." *James I*, 309 Kan. at 1290.

ultimately affirmed the denials of relief. *Id.* at 320.

Petitioner filed his petition for habeas relief under 28 U.S.C. § 2254 on October 7, 2024 and began this federal habeas action. (Doc. 1.) Because the specific grounds for relief are relevant to the question of exhaustion, they are discussed in more detail below; for now the Court notes only that Petitioner asserted two grounds for relief. With the petition, Petitioner filed a motion to stay. (Doc. 2.) The motion is very brief and simply asks for a "stay to proceed in exhausting all remed[ies] in the District Courts." *Id.* Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The petition indicates that the arguments in Ground One were raised to the KSC, but the arguments in Ground Two were not. (Doc. 1, p. 5, 7.)

On October 21, 2024, this Court entered a memorandum and order (M&O) explaining to Petitioner that a federal district court faced with a mixed petition—meaning one that contains exhausted *and* unexhausted claims—has several options, including dismissing the entire petition without prejudice, staying the petition while the petitioner exhausts state-court remedies, denying the petition on the merits, and allowing the petitioner to delete the unexhausted claims and proceed only on the exhausted claims. (Doc. 5, p. 3 (citing *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016)).) The M&O also explained that a federal district court may stay habeas proceedings to permit exhaustion of state court remedies on a claim if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. (Doc. 5, p. 3 (citing *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)).) Because Petitioner's motion to stay did not address the *Rhines* factors or acknowledge the other options available for a mixed petition, the

3

Court granted Petitioner time in which to supplement his motion with additional information and argument. (Doc. 5, p. 3.)

Petitioner has now timely filed a supplemental motion to stay (Doc. 6), which the Court has directed the clerk to docket as a supplement to the still-pending motion to stay (Doc. 2), and a motion to remand (Doc. 7). The Court will address each motion in turn.

**Analysis**

*Motion to Stay* **(Doc. 2)** *and Supplement* **(Doc. 6)**

As noted above, Petitioner asks this Court to stay his federal habeas case so that he may exhaust certain arguments in the state courts. In Ground One of the petition, Petitioner asserts the "violation of [his] constitutional right to a fast and speedy trial by counsel Bradley Sylvester." (Doc. 1, p. 5.) As supporting facts for Ground One, Petitioner alleges: "Judge Jeffrey E. Goering allowed trial counsel Bradley Sylvester to continue my case without me being present which is a clear violation of my constitutional right and due process right afford[ed] by the United States Constitution." *Id.* The petition reflects that Petitioner raised this issue in his direct appeal and in his second, consolidated appeal as well. *Id.* at 5-6.

In Ground Two, Petitioner asserts a "[d]ue process violation by trial counsel Steven Mank and the District Courts." *Id.* at 6. As supporting facts for Ground Two, Petitioner alleges:

> A pro se motion was filed in the District Court motion to dismiss for Constitutional and statutory rights to a fast and speedy trial. Trial counsel failed to address said motion violating my due proceed right. District courts failed to docket said motion waiting on counsel Steven Mank to proceed on said motion.

*Id.* The petition reflects that Petitioner raised this issue in his direct appeal and in his later K.S.A. 60-1507 motion, but also reflects that Petitioner did not appeal from the denial of the K.S.A. 60-1507 motion.[2] *Id.* at 7. The space in the petition to "explain why [he] did not raise this issue" in

---

[2] This appears contradicted by the KSC's opinion in the consolidated appeal, which examines Petitioner's arguments

4

his K.S.A. 60-1507 appeal is blank. *Id.* at 8. And in the section of the petition titled "Exhaustion," Petitioner checked the box to indicate that "all grounds for relief that [he has] raised in this petition [have] been presented to the highest state court having jurisdiction." *Id.* at 11.

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). As noted above, the exhaustion requirement, generally speaking, means that Petitioner must have presented the issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard*, 404 U.S. at 275-76; Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). Thus, the first step in determining whether the issues in the petition that began this case are exhausted is to identify the issues. *See Tiger v. Cline*, 2023 WL 2951603, *5 (D. Kan. April 14, 2023) (unpublished) ("[F[or this Court to determine whether Petitioner argued the issue in Ground One to the state courts, this Court must first determine the nature of the argument or arguments in Ground One.").

In the M&O, the Court liberally construed the petition as follows:

As Ground One, Petitioner asserts that trial counsel Bradley Sylvester violated his constitutional right to a speedy trial by obtaining a continuance of the trial at a hearing at which Petitioner was not present. *Id.* at 5. Liberally construing the petition, Petitioner may also be alleging in Ground One that granting the continuance outside of his presence violated his constitutional right to be present at all critical stages of trial. *Id.* As Ground Two, Petitioner asserts that Steven Mank, who was appointed trial counsel for Petitioner after Mr. Sylvester, violated his due process rights by failing to ensure that the trial court considered a pro se motion to dismiss Petitioner filed that alleged the violation of his constitutional right to a speedy trial. *Id.* at 6; *see also James I*, 309 Kan. at 1283-85 (setting out history of counsel appointed for Petitioner).

---

regarding ineffective assistance of counsel under the standard of review applicable "[w]hen the district court summarily dismisses a K.S.A. 60-1507 motion." *See James II*, 553 P.3d at 314-15.

(Doc. 5, p. 2.)

In the supplement to his motion to stay, Petitioner now advises the Court that the constitutional claim in Ground One is, as the Court put it in the M&O, "[t]hat granting the continuance outside of his presence violated his constitutional right to be present at all critical stages of trial." (Doc. 6, p. 1.) Petitioner further states that neither the state district court nor the KSC "made findings of fact for the record on appeal necessary to preserve" this constitutional claim. *Id.* He explains that on December 14, 2015, he filed with the clerk of the state district court a letter[3] he had sent to his attorney, Bradley Sylvester. *Id.* at 2. In the letter, Petitioner asked Mr. Sylvester to vigorously and proactively defend Petitioner's right to a speedy trial, to ensure that Petitioner was present at any and all hearings where his case is discussed, and to "not continue my preliminary hearing and continue my trial ever." *Id.* at 2; (*see also* Doc. 6-1).

Petitioner further advises this Court that on June 15, 2016—before the trial began—he filed pro se a written objection to any continuance of the case "'by either the State or defence [*sic*] counsel.'" *Id.* at 1. The objection also expressly asserted his statutory and constitutional right to appear at all critical stages of his trial. *Id.* The same day, Petitioner moved to dismiss the charges against him with prejudice, arguing that "his statutory right a fast and speedy trial, and his constitutional right to due process and fast and speedy trial had been violated." *Id.* at 1-2. Petitioner concludes his supplemental filing by contending that good cause exists to stay this matter so he can fully exhaust his issue, the claim is not plainly meritless, he did not intentionally delay the proceedings, and he "object[s] to any inadequate findings and conclusions of law." *Id.* at 2.

Although the Court appreciates the additional information Petitioner has now submitted, it does not fully resolve whether the Court should grant Petitioner's motion for stay. Simply put, the

---

[3] Petitioner has attached the letter to his supplemental filing. (*See* Doc. 6-1.)

petition, even when liberally construed, does not clearly identify Petitioner's asserted grounds for relief. Thus, the Court cannot determine which of Petitioner's asserted grounds remains unexhausted. Moreover, the supplement to the motion to stay does not clarify the claim that Petitioner believes is unexhausted.

The M&O reflects the Court's understanding, for example, that Ground One asserted the violation of his constitutional right to a speedy trial and/or the violation of his constitutional right to be present at all critical stages of trial. But the information in the supplement[4] (Doc. 6) reflects that Petitioner may intend to base Ground One *only* on the alleged violation of his constitutional right to be present at all critical stages. Additionally, the petition indicates that Ground One is fully exhausted, yet in the supplement to the motion to stay this matter so that Petitioner may fully exhaust his claims, Petitioner focuses only on Ground One and does not mention Ground Two.

Ground Two, as it is stated in the petition, asserts a "[d]ue process violation by trial counsel Steven Mank and the District Courts" based on counsel's failure to pursue a pro se motion to dismiss on speedy trial grounds that Petitioner submitted to the state district court and on the district court's failure to docket the motion and rule on it. (*See* Doc. 1, p. 6.) Thus, Ground Two could be read to assert a due process violation, but it could also be read to assert a claim of ineffective assistance of counsel. Simply put, it remains unclear.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;

---

[4] Petitioner's motion to remand also indicates that Petitioner may wish to allege in Ground One only that "granting the continuance outside of his presence violated his constitutional right to be present at all critical stages of trial." (*See* Doc. 7, p. 1.)

(3) state the relief requested;

            (4) be printed, typewritten, or legibly handwritten; and

            (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing § 2243). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citing Rule 5(b)). This requires the allegations to be clear enough that the respondent will be able to address them.

In addition, in order to determine whether all asserted grounds for relief in this matter have been exhausted in the state courts as required, the Court must be able to identify the grounds Petitioner intends to assert. On the petition now before the Court, the Court cannot do so with confidence. The Court concludes that the most efficient way to resolve the confusion in this matter is to direct Petitioner to file a complete and proper amended petition.

The amended petition must be on the required, court-approved form, which the Court will direct the clerk to provide to Petitioner, and it must be complete in and of itself. The amended petition may not simply refer back to the initial petition or attempt to incorporate by reference other filings with this Court. To be clear, any grounds for relief not included in the amended petition will not be considered by the Court. The amended petition should clearly state the individual grounds for relief Petitioner asserts in this federal habeas matter. Each claim for relief— or, as they are referred to in this context, each "ground" (Ground One, Ground Two, etc.)—should

8

allege one constitutional violation and the facts that support Petitioner's claim regarding that specific violation.

For example, if Petitioner wishes to raise both the violation of his constitutional right to a speedy trial *and* the violation of his constitutional right to be present at all critical stages of trial, he should not combine those arguments into one asserted ground for relief. Rather, he could assert as Ground One the violation of his constitutional right to speedy trial and as Ground Two the violation of his constitutional right to be present at all critical stages of trial. By this example, the Court does not advise Petitioner on which grounds to assert or opine on the potential success of any argument; the decision on which grounds to assert belongs solely to Petitioner. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments.").

Additionally, Petitioner must fill out all portions of the amended petition form related to exhaustion of the claims he has asserted. The Court understands that several motions Petitioner filed in the state district courts were consolidated into the second appeal heard by the KSC, which makes the procedural history of Petitioner's challenges more difficult to trace. But Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). If Petitioner wishes to raise claims in this federal habeas matter that are unexhausted, he must explain, in the amended petition, why those grounds are not yet exhausted.

Because the Court will direct Petitioner to file an amended petition, it will deny the currently pending motion to stay (Doc. 2). The denial is without prejudice, which means that if Petitioner wishes to file a second motion to stay, either at the same time as or after he files his amended petition, he may do so. In any future motion to stay, however, Petitioner must clearly

identify the ground or grounds for relief that remain unexhausted and he must address the *Rhines* factors set out in the Court's prior M&O. If Petitioner fails to timely file an amended petition that complies with this order, this matter may be dismissed without prejudice and without further prior notice to Petitioner.

***Motion to Remand* (Doc. 7)**

Petitioner also has filed a "Motion to Remand Invoking the Judges Duty Under Rule 165." (Doc. 7, p. 1.) Because Petitioner is proceeding pro se, the Court liberally construes the filing. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Liberally construed, the motion asks this Court to remand this matter—presumably to the state courts—for additional findings on the record regarding Petitioner's claim that granting continuances outside of his presence violated his constitutional right to be present at all critical stages of trial. (Doc. 7.) In support, Petitioner cites "Rule 165." *Id.* at 1.

Because Petitioner refers to additional findings, the Court presumes his reference to "Rule 165" means Rule 165 of the Rules of the Supreme Court of Kansas,[5] which states: "In a contested matter submitted to the court without a jury—and when the court grants a motion for summary judgment—the court must state its findings of fact and conclusions of law in compliance with K.S.A. 60-252." Kan. S. Ct. R. 165(a). The statute mentioned in Rule 165 states, in relevant part: "In an action tried on the facts without a jury . . . , the court must find the facts specially and state its conclusions of law separately." *See* K.S.A. 60-252(a)(1). The Kansas Supreme Court has held: "Supreme Court Rule 165 places on the district court the primary duty to provide adequate findings and conclusions on the record of the court's decision on contested matters. . . . When faced with an incomplete record, an appellate court may remand for additional findings and conclusions."

---

[5] If this presumption is inaccurate, Petitioner should so inform the Court in writing as soon as possible.

10

*Fischer v. State*, 296 Kan. 808, 825 (2013).

This Court, however, is not a state appellate court—it is a federal court and this is a federal habeas proceeding. "When a federal court, on habeas review, examines state criminal convictions, the federal court does not sit as a 'super-appellate' court." *Davis v. Roberts*, 579 Fed. Appx. 662, 665 (10th Cir. 2014) (unpublished) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). It cannot simply remand this matter as if it were. Although this case challenges the constitutionality of Petitioner's criminal convictions, which occurred in state court, this is not a continuation or an appeal of those criminal proceedings or any other related state court action.

Rather, this case is a federal habeas action initiated in this Court by the filing of the petition on October 7, 2024. And this Court "has no power to remand a case initiated in federal court." *See Tirado v. City of Colo. Springs, Colo.*, 2021 WL 6061781, *2 (10th Cir. Dec. 20, 2021) (unpublished) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), and *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1017 (8th Cir. 2015)). Accordingly, the motion to remand (Doc. 7) will be denied.

**IT IS THEREFORE ORDERED** that the motion to stay (Doc. 2) is **denied without prejudice** and the motion to remand (Doc. 7) is **denied**. Petitioner is granted to and including **December 10, 2024** in which to file a complete and proper amended petition that clearly identifies the grounds for relief asserted in this action and complies with this order. The clerk is directed to provide to Petitioner the required form for filing an amended petition under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:   This 8th day of November, 2024, at Kansas City, Kansas.

          S/ John W. Lungstrum
          JOHN W. LUNGSTRUM
          United States District Judge