IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GROVER D. JAMES,

                **Petitioner,**

      v.                                                                  CASE NO. 24-3176-JWL

DON LANGFORD,

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Grover D. James, who is a state prisoner incarcerated at Ellsworth Correctional Facility in Ellsworth, Kansas. This matter comes now before the Court on Petitioner's amended petition (Doc. 9). For the reasons explained below, the Court will dismiss Ground One and part of Ground Three of the amended petition and will order Respondent to file an answer to the remaining asserted grounds for relief.

### Background

The events that led to Petitioner's trial and convictions occurred during and after a May 2015 birthday party in Wichita, Kansas. *State v. James*, 309 Kan. 1280, 1281-83 (2019) (*James I*). In November 2016, a jury convicted Petitioner of first-degree murder and criminal possession of a firearm. *Id.* at 1297; (Doc. 1, p. 1-2). The District Court of Sedgwick County, Kansas sentenced Petitioner to a controlling sentence of life in prison without the possibility of parole for 50 years. 309 Kan. at 1297. Petitioner pursued a direct appeal and the Kansas Supreme Court (KSC) found that multiple errors had occurred during Petitioner's trial. *Id.* at 1311-12. Even considering the cumulative effect of the errors, however, the KSC concluded that the errors did not require reversal

1

of Petitioner's convictions. *Id.* Thus, in June 2019, the KSC affirmed Petitioner's convictions. *Id.* at 1312.

On November 12, 2019, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. (Doc. 1, p. 3); *State v. James*, ___ Kan. ___, 553 P.3d 308, 313 (Kan. S. Ct. Aug. 4, 2024) (*James II*). While his K.S.A. 60-1507 case was proceeding, Petitioner also filed multiple motions in his criminal case seeking a new trial based on newly discovered evidence. 553 P.3d at 313. All of the motions were denied by the state district court. Petitioner appealed both the denial of his K.S.A. 60-1507 motion and the denials of the motions filed in his criminal case, and the KSC consolidated the two appeals. *Id.* On August 2, 2024, the KSC issued a lengthy opinion that ultimately affirmed the denials of relief. *Id.* at 320.

Petitioner filed his petition for federal habeas relief under 28 U.S.C. § 2254 on October 7, 2024 and began this action. (Doc. 1.) At the same time, he filed a very brief motion to stay this matter so he could exhaust his state-court remedies. (Doc. 2.) On October 21, 2024, the Court issued a memorandum and order (M&O) explaining the circumstances under which such a stay is available and allowing Petitioner time in which to supplement the motion to stay with additional information and argument. (Doc. 5.) Petitioner timely filed a supplement to the motion. (Doc. 6.)

On November 8, 2024, the Court issued a second M&O, explaining to Petitioner that because the petition, even when liberally construed with the supplemental information, did not clearly articulate Petitioner's asserted grounds for relief, the Court could not determine whether any grounds remained unexhausted in the state courts, as might justify a stay of this matter. (Doc. 8.) Thus, the Court directed Petitioner to file an amended petition that clearly states the individual grounds for relief Petitioner asserts in this federal habeas matter. *Id.* at 8. The M&O also denied the motion to stay without prejudice, informing Petitioner that he could refile the motion at a later

date if he wishes. *Id.* at 10-11. Petitioner has now timely filed his amended petition. (Doc. 9.)

**Rule 4 Standards**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Analysis**

In the amended petition, Petitioner asserts four grounds for relief and asks the Court to order a new trial and his release from custody. As Ground One, Petitioner asserts that the state district court erred during the K.S.A. 60-1507 proceedings by not granting an evidentiary hearing on his claim that trial counsel Bradley Sylvester's actions violated Petitioner's right to a speedy trial. (Doc. 9, p. 5.) Specifically, Petitioner points out that he directed Mr. Sylvester not to obtain or allow continuances of his trial yet Mr. Sylvester did so. Petitioner argues that Mr. Sylvester's actions led to the violation of Petitioner's right to a speedy trial and that the state district court should have held an evidentiary hearing on this claim when Petitioner raised it in his K.S.A. 60-1507 motion. *Id.*

Ground One must be dismissed because it is well established that 28 U.S.C. § 2254 does

not permit this Court to review claims based on a state's process for postconviction relief. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (noting that "no constitutional provision requires a state to grant post-conviction review" and where the "constitutional error [a petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."); *Absher v. Crow*, 841 F. App'x. 85, 93-94 (10th Cir. 2021) (unpublished) (denying certificate of appealability on the denial of the claim "that the state courts refused to hold an evidentiary hearing during [the petitioner's] post-conviction proceedings" because "'federal habeas corpus relief does not lie for errors of state law'"); *Ray v. McCollum*, 727 F. App'x. 517, 523 (10th Cir. 2018) (unpublished) ("[A] violation of state post-conviction requirements would not justify habeas relief."); *White v. Schmidt*, 2022 WL 2981591, * (D. Kan. July 28, 2022) (unpublished) ("'[C]hallenges involving state post-conviction proceedings are not cognizable in a federal habeas action because challenges of this type do not involve a constitutional violation in the underlying conviction.'"). Petitioner cannot, as a matter of law, obtain relief on the claim made in Ground One.

In Ground Two of the amended petition, Petitioner asserts that Mr. Sylvester provided unconstitutionally ineffective assistance of counsel by requesting a trial continuance, against Petitioner's wishes and directions, that led to the violation of Petitioner's right to a speedy trial. (Doc. 9, p. 6.) The required Rule 4 review of the amended petition reflects that this claim was fully exhausted in the state courts and no procedural bar to this claim is evident on the face of the amended petition. Thus, although this Court does not opine on the likelihood of success on the merits of Ground Two, it concludes that it is sufficient to pass the Rule 4 review. Thus, the Court will order Respondent to file an answer to Ground Two of the amended petition.

In Ground Three of the amended petition, Petitioner asserts that the state trial court violated

his statutory and constitutional rights to be present at all critical stages of a trial when it conducted a hearing at which Petitioner was not present, granted a trial continuance at that hearing, and assessed the time against Petitioner for speedy trial purposes. (Doc. 9, p. 8.) To the extent that Ground Three is based on the violation of Petitioner's federal constitutional right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, the Court concludes that Ground Three passes the initial Rule 4 review. Thus, the Court will order Respondent to file an answer to the constitutional claim in Ground Three.

To the extent that Ground Three is based on the violation of Petitioner's *statutory* right to a speedy trial under K.S.A. 22-3402, however, it must be dismissed. "Federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) (quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)).

As Ground Four, Petitioner asserts that trial counsel Steven Mank provided unconstitutionally ineffective assistance of counsel for failing to argue or otherwise address a pro se motion to dismiss on speedy trial grounds that Petitioner filed in the state district court. (Doc. 9, p. 9.) This claim appears fully exhausted in the state courts and no procedural bar to this claim is evident on the face of the amended petition. Thus, the Court concludes that Ground Four passes the Rule 4 review and will order Respondent to file an answer to Ground Four of the amended petition.

## Conclusion

For the reasons explained above, Ground One and any part of Ground Three based on the violation of Petitioner's statutory right to a speedy trial must be dismissed under Rule 4 because "it plainly appears from the [amended] petition and any attached exhibits that [P]etitioner is not entitled to relief" on those grounds. The Court will direct Respondent to file an answer showing cause why the writ of habeas corpus should not be granted on the basis of the arguments in Grounds Two, Four, and the federal constitutional arguments made in Ground Three.

The Court has completed reviewing the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his amended petition.

**IT IS THEREFORE ORDERED**

1. That Ground One and the portion of Ground Three based on the violation of Petitioner's statutory right to a speedy trial are **dismissed with prejudice** because they state only claims on which federal habeas relief cannot be granted as a matter of law.
2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **February 3, 2025** showing why the writ should not be granted based on the arguments in Grounds Two, Four, and the constitutional

claims in Ground Three of the operative amended petition (Doc. 9) and attachments thereto.

3. That the answer should address:

   a. The necessity for an evidentiary hearing on Grounds Two, Four, and the constitutional claims in Ground Three as alleged in Petitioner's amended petition;

   b. Whether the argument in Grounds Two, Four, and the constitutional claims in Ground Three of the amended petition is barred by a statute of limitations or any other procedural bar; and

   c. An analysis of Grounds Two, Four, and the constitutional claims in Ground Three and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted to and including **March 3, 2025** to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

6. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court

transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 2nd day of December, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge